UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GILBERT GUADALUPE ORELUS,

Petitioner,

v. Case No. 3:26-cv-2310-MMH-SJH

WARDEN FLORIDA BAKER
CORRECTIONAL INSTITUTE, et al.,

Respondents.

---

**ORDER**

Petitioner Gilbert Guadalupe Orelus, an immigration detainee, initiated this action by filing through counsel a Petition for Writ of Habeas Corpus (Doc. 1) on September 2, 2026. Orelus, a citizen of Haiti, entered the United States through the San Ysidro, California port of entry on May 16, 2016. Doc. 11-1 at 10. An immigration judge ordered Orelus removed to Haiti or, in the alternative, Brazil on April 25, 2018. Id. The crux of Orelus's Petition is that his detention is "not reasonably tailored to any legitimate civil detention purpose and impairs his ability to pursue pending immigration remedies," including an application for a stay of removal. Doc. 1 at 2, 7–8. According to Orelus, Respondents have continued his detention without providing him with

an individualized custody review. Id. at 16. As relief, he asks the Court to direct his immediate release or a prompt custody hearing. Id. at 17.

On September 11, 2026, Orelus filed an Emergency Motion to Preserve the Court's Habeas Jurisdiction (Doc. 7). Orelus asserts that Respondents removed him to Haiti on September 10, 2026, and he requests his immediate return. Id. at 24. Orelus argues that, by removing him, Respondents have frustrated this Court's jurisdiction and prevented a meaningful adjudication of his detention claims. Id. at 12.

The Court finds that Orelus's Petition is now moot because no active case or controversy exists. "As a general rule, a habeas petition presents a live case or controversy only when a petitioner is in custody." Salmeron-Salmeron v. Spivey, 926 F.3d 1283, 1289 (11th Cir. 2019); see also 28 U.S.C. § 2241(c)(3)). In the immigration context, a petitioner's subsequent deportation pursuant to a final order of removal will moot his habeas claims where he challenges the legality of his detention. See Soliman v. United States ex rel. INS, 296 F.3d 1237, 1243 n.2 (11th Cir. 2002) (explaining that because petitioner only challenges his detention pending removal and his detention ceased with petitioner's removal, the court is unable to provide him with relief).

Here, as Orelus himself admits, his Petition solely challenges the legality of his detention. However, Orelus is no longer in the custody of the United

States Immigration and Customs Enforcement, and the Court cannot provide him with relief. As such, the Petition no longer presents a live case or controversy. Further, since Orelus has been removed from the United States, there is no reason to believe that Respondents will re-detain Orelus again. As such, the narrow exception for cases that are capable of repetition, yet evading review does not apply.[1] See id. at 1243. Therefore, the Petition is due to be denied as moot.

Accordingly, it is **ORDERED**:

1. Orelus's Petition for Writ of Habeas Corpus (Doc. 1), Orelus's Emergency Motion to Preserve the Court's Habeas Jurisdiction (Doc. 7), and Respondent Warden's Motion to Dismiss (Doc. 9) are **DENIED as moot**.

2. The **Clerk** is directed to terminate any motions, enter judgment denying the Petition as moot, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 5th day of October, 2026.

Marcia Morales Howard
**MARCIA MORALES HOWARD**
United States District Judge

[1] Insofar as Orelus suggests Respondents attempted to manipulate the Court's jurisdiction by executing his removal order, his assertion, without more, is not sufficient for the Court to direct discovery into the matter.

Jax-9 9/22
c:
Counsel of record